Filed 9/15/25  P. v. Holloway CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083170 |
| v. | (Super.Ct.No. RIF72178) |
| ROY SYLVESTER HOLLOWAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Reversed with directions.

Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Sahar
Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

1

In December 1996, Roy S. Holloway pled guilty to forcible rape (Pen. Code, § 261, subd. (a)(2); unlabeled statutory citations refer to the Penal Code), forcible penetration with a foreign object (§ 289, subd. (a)), and oral copulation of a minor (§ 288a, subd. (b)(1)). Holloway admitted that he had served three prior terms in prison. (Former § 667.5, subd. (b).) The trial court sentenced Holloway to 33 years 4 months in state prison and imposed and stayed three one-year sentences for Holloway's prison prior enhancements.

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Holloway was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75.[1] In December 2023, the court held a hearing and declined to resentence Holloway, finding that he was not eligible for resentencing under section 1172.75.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in

---

[1] Holloway filed a request for judicial notice on August 30, 2024. We grant that request and take judicial notice of the declarations of Aimee Vierra and David McKinney filed in case No. E082642, and we augment the record in this case to include the CDCR list dated June 16, 2022, listing individuals eligible for relief under section 1172.75. Holloway is listed on page 27 of that document.

subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

On appeal, Holloway argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed and stayed. We filed an opinion rejecting Holloway's position and affirming the order denying relief. (*People v. Holloway* (Feb. 7, 2025, E083170) [nonpub. opn.].) The Supreme Court granted review, subsequently decided *People v. Rhodius* (2025) 17 Cal.5th 1050, and then transferred this case back to this court with directions to reconsider it in light of *Rhodius*. *Rhodius* held that section 1172.75 does apply to prior prison term enhancements that were imposed and stayed. (*Rhodius*, at p. 1054.) We accordingly reverse and remand for resentencing under section 1172.75.

DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed, and the matter is remanded with directions to recall defendant's sentence and resentence him pursuant to section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

4